

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

WILLIAM KENLEY
Vs.                                            C.A. No.    2014 CA 003833 B
THIS DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                    Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date: June 20, 2014
Initial Conference: 9:30 am, Friday, September 19, 2014
Location: Courtroom 517
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001                          Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

WILLIAM KENLEY
_____
Plaintiff

vs.

Case Number **14-0003833**

THE DISTRICT OF COLUMBIA
Serve - OAG
_____
Defendant

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Richard Seligman
Name of Plaintiff's Attorney

1350 Connecticut, N.W., Suite 202
Address
Washington, DC 20036

(202) 745-7800
Telephone

*Clerk of the Court*

By _____ Deputy Clerk

Date 6/20/14

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

(202) 879-4828    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                   CASUM.doc

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

Civil Division

**WILLIAM KENLEY**
1022 Girard Street, N.E.
Washington, D.C. 20017

   *Plaintiff,*

   v.

                                                  **14 - 0 0 0 3 8 3 3**

RECEIVED
Civil Clerk's Office
JUN 20 2014

**THE DISTRICT OF COLUMBIA**        JURY TRIAL DEMANDED
Office of the Attorney General
441 4th Street, N.W.
Washington, D.C. 20001,


**MPD OFFICER ADAM SHAATAL**
**Fifth District Station**
1805 Bladensburg Road, NE
Washington, D.C. 20002,


**MPD OFFICER MICHAEL LITTLEJOHN**
**Fifth District Station**
1805 Bladensburg Road, NE
Washington, D.C. 20002,


**MPD OFFICER BRANDON BALDWIN**
**Fifth District Station**
1805 Bladensburg Road, NE
Washington, D.C. 20002,


**MPD SGT. DORROUGH**
**Fifth District Station**
1805 Bladensburg Road, NE
Washington, D.C. 20002

   *Defendants.*

## COMPLAINT

(Seeking damages for police misconduct: violation of rights under the
Constitution of the United States and the law of the District of Columbia)

### I. Introduction

1. On June 20, 2013, plaintiff, William Kenley, using his cellphone took some video recordings of the police using excessive force and falsely arresting Richard Jones from a public street in front of his home on Girard Street NE in the District of Columbia. Standing at a safe distance, Mr. Kenley also made comments that Mr. Jones was not resisting arrest. Metropolitan Police Department (MPD) officers intentionally knocked the cellphone out of Mr. Kenley's hands and knocked him to the ground. In a further effort to cover-up the police misconduct, the defendant officers conspired to falsely charge Mr. Jones with resisting arrest and charge Mr. Kenley with assaulting a police officer by fabricating a statement that Mr. Kenley allegedly told his dog to "sic him" when in truth Mr. Kenley was merely gaining control of his dog that was mistakenly released from the house by his mother and came to the area where Mr. Kenley was standing after Mr. Jones' arrest.

### II. Jurisdiction

2. This action is brought pursuant to 42 U.S.C. § 1983, and the First, Fourth and Fifth Amendments to the United States Constitution, and the common law of the District of Columbia.

3. This Court has jurisdiction over this action pursuant to D.C. Code § 11-921 (1981 edition.)

4. Notice was sent to the District of Columbia pursuant to D.C. Code § 12-309 on December 6, 2013 and received on December 11, 2013.

### III. Parties

5. Plaintiff William Kenley is an adult resident of Washington D.C.

6. Defendant District of Columbia is a municipal corporation that operates and governs the MPD. In the events involved in this case, the District of Columbia acted through its agents, employees and servants, including the other named defendants.

7. Defendants Adam Shaatal, Brandon Baldwin (Badge number 5436), Michael Littlejohn (Badge number 3624) and Sgt. Dorrough are sworn officers of the MPD 5th District, who participated in the events involved in this action in the manner described below. At the time of the events at issue each of them was acting under color of law. At the time of the events at issue each of them was acting within the scope of his or her employment. Each of them is sued in his or her personal capacity.

### IV. Factual Background

8. On June 20, 2013 at approximately 9:00 PM William Kenley and Richard Jones went to William Kenley's home at 1022 Girard Street NE Washington DC. Mr. Kenley arrived shortly after Mr. Jones and went into this home while Mr. Jones remained in Mr. Jones' vehicle, which was parked along the curb on Girard.

9. Subsequently Mr. Kenley exited his home and returned to the car. While Mr. Jones was in the parked vehicle, Metropolitan Police Department Officer Adam Shaatal approached Mr. Jones and, for no apparent reason, demanded that Mr. Jones show him identification and exit his car. Mr. Jones voiced offense to Officer Shaatal's hostile and threatening approach and asked why he was being questioned.

10. Mr. Kenley observed this interaction and asked officer Shaatal what was going on and he told his friend Mr. Jones, to cooperate with the officer and hand him his identification.

Mr. Jones offered his identification and officer Shaatal snatched it out of his hands and when Mr. Jones complained about his aggressive actions, officer Shaatal slammed it on the top of the car and challenged him "so what are you going to do?" For no apparent reason he demanded Jones get out of the car and in response to some questions by Jones he told officer Michael Littlejohn (Badge number 3624) Jones was resisting arrest. The officer Littlejohn put Mr. Jones in a chokehold and Shaatal beat him with his baton and forced him to the ground. Mr. Jones did not resist and appeared at risk of substantial physical injuries.

10. Mr. Kenley was standing a safe distance away observing the police. Mr. Kenley used his cellphone to videotape the assault by officers Shaatal and Littlejohn. Mr. Kenley concerned for his friend's safety repeatedly noted to Officer Shaatal and Littlejohn that Jones was not resisting. As Shaatal had handcuffed Mr. Jones, he looked over his shoulder at Mr. Kenley, and without saying anything directly to Mr. Kenley he directed officer Brandon Baldwin (Badge number 5436) and another officer to "get him back."

11. Officer Baldwin charged at Mr. Kenley and without any warning assaulted Mr. Kenley by intentionally knocking his cellphone he was obviously using to tape the incident out of his hands and pushed him violently to the ground, causing Mr. Kenley to drop his phone and injure his left ankle.

12. At about at the same time, Mr. Kenley's mother came out the front door of the house and their dog came running out toward Mr. Kenley. The police pointed their guns at the dog and Mr. Kenley. Mr. Kenley in an effort to defuse the situation picked up the dog and took it back to the house.

13. While Mr. Jones was in custody, officers determined that both he and Mr. Kenley were correctional officers. Officer Shaatal maliciously threatened that Jones would lose his job

and threatened to have Mr. Kenley's dog killed. Officers Shaatal, Littlejohn and Baldwin, and several unknown officers, met together and conspired to falsely charge Mr. Jones and Mr. Kenley with assaulting a police officer.

14. Shaatal falsely told officer Baldwin who was preparing the arrest report that Mr. Kenley told the dog to "get him, sic him", thereby allegedly assaulting a police officer. Based on these intentional false allegations, Mr. Kenley was placed under arrest, incarcerated overnight, presented in Court, and charged with assaulting a police officer. (Case 2013 CF2 10513).

15. An unknown MPD officer subsequently contacted Mr. Kenley's employer regarding the nature of the incident and the charges, and as a result of the arrest, Mr. Kenley was suspended without pay during the pendency of the criminal case.

16. Officers Shaatal, Litttlejohn, Baldwin, and other unknown MPD officers conspired to institute criminal proceedings against Mr. Jones and Mr. Kenley to intimidate Mr. Kenley and cover up their wrongful conduct with respect to both Jones and Kenley. Said actions were done intentionally and maliciously and without probable cause.

17. Immediately after Mr. Kenley's arrest, Sgt. J. Dorrough conducted a canvass in the vicinity of the arrest for witnesses of the Officers' use of force, and conducted interviews with at least two witnesses. At least one of the witnesses informed Sgt. Dorrough that when the dog ran from the home, Mr. Kenley stated, "Mom, put her back in the house" and said nothing about Mr. Kenley trying to urge the dog to attack the officers.

18. On information and belief Sgt. Dorrough had spoken with Officer Baldwin, the arresting officer on June 20th or 21st and Officer Baldwin was made aware of the exculpatory statements of eyewitnesses. Both Sgt. Dorrough and Officer Baldwin knew they had a duty under the constitution and the laws of the District of Columbia to promptly disclose exculpatory

evidence to the U.S. Attorney's Office prosecuting the case. However, neither Officer Baldwin nor Sgt. Dorrough provided information regarding the exculpatory witness statements to any prosecutor in the Office of the United States Attorney for more than one month following Mr. Kenley's arrest.

19. Mr. Kenley's prosecution for assault was dismissed on September 18, 2013.

20. On information and belief, Officer Shaatal had a prior history of use of excessive force and the District of Columbia failed to exercise due care and negligently failed to supervise, train and discipline him.

21. There is no law or regulation in the District of Columbia that requires a person to have permission to take video with his cellphone of police officers or police activities in public places.

22. Defendants had no legal or factual justification for striking or pushing Mr. Kenley or knocking the cellphone from his hands to stop him from taking video or audio-recordings or commenting on his observations as long as he was not obstructing police in the operation of their duties.

23. On information and belief prior to July 2012 the District of Columbia had a policy and practice of police officers seizing cameras from citizens video taping police arrests in public places and threatening or arresting citizens who failed to stop recording and move away or be arrested. Police routinely took the position that such actions impeded officers in the conduct of their duty.

24. On July 19, 2012 MPD General Order 304-19 titled "Video Recording, Photographing, and Audio Recording of Metropolitan Police Department Members by the

Public" was issued following settlement of a lawsuit alleging the MPD Practices violated the First Amendment and Fourth Amendment rights of citizen's and bystanders.

25. Defendant officers knew at the time of their actions herein that General Order 304-19 addressed the First Amendment Rights of Citizens to videotape members of the police department conducting arrests and it provided in pertinent part:

> 3. A person's recording of members' activity from a safe distance, and absent any attendant action that obstructs the activity or threatens the safety of the member(s), does not constitute interference.
>
> 4. A person has the right to express criticism of the police activity being observed. So long as that expression does not jeopardize the safety of any member, suspect or bystander; and so long as that expression does not violate the law or incite others to violate the law, the expression does not constitute interference.

26. At the time of these events, the law was clearly established in the District of Columbia that an individual does not need permission or consent to take photographs and to make audio and video recordings of the actions of law enforcement officials in public places or comment on the police officer activity so long as the individual does not physically interfere with law enforcement operations.

27. Officers Shaatal, Littlejohn and Baldwin knew or should have known their actions violated defendant's First and Fourth amendment rights and defendant's rights under the laws of the District of Columbia.

28. The District of Columbia failed to exercise reasonable care in its supervision and training of officers Shaatal, Littlejohn and Baldwin and the injury to Mr. Kenley was foreseeable.

29. Under the circumstances of this event, no sworn police officer reasonably could have believed that Mr. Kenley was violating the law by video taping the arrest of Richard Jones from a safe distance and commenting that he was not resisting arrest.

30. Under the circumstances of this event, no sworn police officer reasonably could have believed that there was legal or factual justification to physically restrain or strike Mr. Kenley to order to stop him taking video with his cellphone or to use force to make move away from a public area without observing actual interference or obstruction of the police activities and ordering him to move to a safe distance.

31. Defendants Adam Shaatal, Brandon Baldwin (Badge number 5436), Michael Littlejohn (Badge number 3624) and Sgt. Dorrough are sworn officers of the MPD 5th District, who participated in the events involved in this action in the manner described above. At the time of the events at issue each of them was acting under color of law. At the time of the events at issue each of them was acting within the scope of his or her employment. Each of them is sued in his or her personal capacity. As a direct and proximate cause of said unlawful actions, Mr. Kenley suffered physical injuries to his ankle, emotional distress, damage to his professional reputation, lost wages and past and future medical expenses.

32. Within six months of this incident, Mr. Kenley provided a notice of claim to the Mayor of the District of Columbia pursuant to D.C. Code § 12-309. That notice was delivered by certified mail return receipt # 7004 2510 0004 7741 3342 on 12/11/13, and was subsequently acknowledged and assigned claim number 1300802 by the office of risk management.

## V. Plaintiff's Injuries

33. As a result of defendants' conduct, Mr. Kenley was subjected to excessive force and deprived of his liberty in violation of his Fourth Amendment rights. He was prevented from exercising his First Amendment right to take video recordings of police activity on the public streets, was assaulted by the police and arrested without probable cause, detained, suspended

from work, lost wages, medical expenses and suffered emotional distress, and incurred damage to his professional reputation in violation of his common law rights under the laws of the District of Columbia.

## CLAIMS FOR RELIEF

### Claim I: Violation of First Amendment Rights

34. Mr. Kenley's' video recording of police activity on June 20, 2013, were protected by the First Amendment to the United States Constitution.

35. Defendants' actions, described above, violated Mr. Kenley's right to freedom of expression under the First Amendment to the United States Constitution.

36. Defendants Shaatal, Littlejohn and Baldwin are jointly and severally liable to Mr. Kenley for these violations of his rights, pursuant to 42 U.S.C. §1983.

### Claim II: Violation of Fourth and Fifth Amendment Rights

37. Mr. Kenley's video recording of police activity and comments that Mr. Jones was not resisting arrest did not provide probable cause or reasonable suspicion to believe that he had committed, was committing, or was about to commit any crime.

38. Defendants' actions, described above, violated Mr. Kenley's right under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure or the right to use excessive force in knocking away his cellphone and violently pushing Mr. Kenley to the ground.

39. Defendant's actions described above, in falsely claiming that Mr. Kenley urged his dog to attack and assault officer Shaatal and his unlawful arrest and imprisonment arising therefrom-violated Mr. Kenley's rights under the Fourth Amendment.

40. Defendant's Officer Baldwin and Sgt. Dorrough's failure to promptly disclose

exculpatory information regarding the alleged assault by Mr. Kenley his unlawful arrest and imprisonment arising therefrom-violated Mr. Kenley's rights under the Fourth Amendment and the Due Process Clause of the Fifth Amendment.

41.  Defendants Shaatal, Littlejohn and Baldwin and Dorrough are jointly and severally liable to Mr. Kenley for these violations of his rights, pursuant to 42 U.S.C. § 1983.

### Claim III: Common Law and District of Columbia Law Violations

42.  Defendants Shaatal, Littlejohn, Baldwin and Dorrough and the District of Columbia though its agents actions described above constituted common law claims of false arrest, false imprisonment, malicious prosecution, assault and battery (excessive force), conspiracy, negligence and defamation under the law of the District of Columbia.

43.  Defendants Shaatal, Littlejohn and Baldwin are jointly and severally liable to Mr. Kenley for this violation of his rights under the law of the District of Columbia.

44.  Defendant District of Columbia is also liable to Mr. Kenley, under the doctrine of respondeat superior, for this violation of his rights.

### REQUESTED RELIEF

WHEREFORE, plaintiff requests that this Court:

A.  Enter judgment in his favor and against defendants Shaatal, Littlejohn and Baldwin and jointly and severally, for compensatory damages for the violation of his rights under the First Amendment, for $100,000.00 or in an amount appropriate to the evidence adduced at trial;

B.  Enter judgment in his favor and against defendants Shaatal, Littlejohn and Baldwin and Dorrough, jointly and severally, for compensatory damages for the violation of his

rights under the Fourth Amendment and Fifth Amendment Due Process clause, in an amount of $300,000.00 or an appropriate to the evidence adduced at trial;

  C. Enter judgment in his favor and against defendants Shaatal, Littlejohn and Baldwin, Dorrough and the District of Columbia, jointly and severally, for compensatory damages for the violation of his common law rights under the law of the District of Columbia, in an amount of $400,000.00 or an amount appropriate to the evidence adduced at trial;

  D. Enter judgment in his favor and against defendants Shaatal and Baldwin for punitive or exemplary damages, in amounts of $100,000.00 or an amount appropriate to the evidence adduced at trial;

  E. Enter judgment in his favor and against all defendants, jointly and severally, awarding him his costs, expenses, and reasonable attorneys' fees in this action pursuant to 42 U.S.C. § 1988; and

  F. Grant him such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims.

Respectfully submitted,

Richard Seligman
DC Bar No. 296426
Law Office of Richard Seligman
1350 Connecticut Avenue N.W.
Suite 202
Washington D.C. 20036
Tel: 202-745-7800
Fax: 202-223-7005
Email: RickSelig@aol.com

*/s/ Grey Gardner*
Grey Gardner
DC Bar No. 502108
Gardner Law PLLC
641 Indiana Avenue, Northwest
Second Floor
Washington, DC  20004
Tel:  (202) 628-1300
Fax: (202) 803-5700
Email: grey@gardnerlawdc.com